UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


BENNIE GRAY,                        :
          Plaintiff,                :
                                    :              PRISONER
      v.                            :   CASE NO. 3:13-cv-39(JBA)
                                    :
SCOTT ERFE, et al.,                 :
          Defendants.               :


INITIAL REVIEW ORDER

     The plaintiff, Bennie Gray, currently incarcerated at the
Enfield Correctional Institution in Enfield, Connecticut, has
filed a complaint pro se under 42 U.S.C. § 1983 (2000).  He names
as defendants Warden Scott Erfe, Property Officer Yother and
Commissioner Leo Arnone.

     Under 28 U.S.C. § 1915A (2000), the court must review
prisoner civil complaints and dismiss any portion of the
complaint that is frivolous or malicious, that fails to state a
claim upon which relief may be granted, or that seeks monetary
relief from a defendant who is immune from such relief.  Id.  In
reviewing a pro se complaint, the court must assume the truth of
the allegations, and interpret them liberally to "raise the
strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d
636, 639 (2d Cir. 2007).  Although detailed allegations are not
required, the complaint must include sufficient facts to afford
the defendants fair notice of the claims and the grounds upon

which they are based and to demonstrate a right to relief. <u>Bell
Atlantic v. Twombly</u>, 550 U.S. 544, 555-56 (2007).  Conclusory
allegations are not sufficient.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662,
678 (2009).  The plaintiff must plead "enough facts to state a
claim to relief that is plausible on its face." <u>Twombly</u>, 550
U.S. at 570.  But "'[a] document filed <u>pro se</u> is to be liberally
construed and a <u>pro se</u> complaint, however inartfully pleaded,
must be held to less stringent standards than formal pleadings
drafted by lawyers.'"  <u>Boykin v. KeyCorp.</u>, 521 F.3d 202, 214 (2d
Cir. 2008) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)).

The incident underlying the complaint took place at the
Corrigan-Radgowski Correctional Institution.  On May 9, 2012, the
plaintiff was directed to the lieutenant's office in the
Radgowski building to discuss a class B disciplinary report.
Before entering the office, he was redirected to the Admitting
and Processing ("A&P") area and told that an officer in the
Corrigan building wanted to speak to him.  The plaintiff was told
that he was not being transferred and not being sent to
segregation.

The plaintiff was strip searched and given an orange
jumpsuit.  His property was brought to the A&P area and
inventoried by Property Officer Packer.  The plaintiff was then
brought to Corrigan with his property.  At Corrigan, the
plaintiff spoke to Warden Erfe, and explained why he thought he

had been taken to Corrigan.  The warden checked into the matter and said that the plaintiff would be transferred back to Radgowski after the inmate count.

Instead, the plaintiff was taken to Administrative Detention.  State Troopers charged the plaintiff with possession of narcotics and gave him a court date of May 31, 2012.  Later that night, the plaintiff was issued a disciplinary report.  The report indicated that, while processing the plaintiff's property for storage, defendant Yother discovered cocaine in a sock. Following a disciplinary hearing, the plaintiff was found guilty and sanctioned with seven days segregation, fifteen days loss of recreation, thirty days loss of commissary and fifteen days lost Risk Reduction Earned Credit ("RREC").  The state charges were dismissed on December 12, 2012.  About the same time, defendant Yother was fired for drugs and stealing.

The plaintiff contends that the defendants violated his rights under the Eighth and Fourteenth Amendments.  He contends that the defendants maliciously prosecuted him by filing a baseless complaint, failed to intervene to prevent the prosecution, failed to take disciplinary action to prevent the abuse of authority and failed to properly train employees.  He also asserts a state law malicious prosecution claim.

Defendants Arnone and Erfe are supervisory officials.  In an action filed pursuant to section 1983, liability is imposed only

on the official causing a constitutional violation.  It is settled law in this circuit that in a civil rights action for monetary damages against a defendant in his individual capacity, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation.  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

Because the doctrine of respondeat superior is inapplicable in section 1983 cases, see Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999), supervisors are not automatically liable under section 1983 when their subordinates commit a constitutional tort.  The plaintiff may show supervisory liability by demonstrating one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; and (5) the defendant failed to act in response to information that unconstitutional acts were occurring.  Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).  In addition, the plaintiff

4

must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury.  See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).

The plaintiff alleges no facts to support a claim of supervisory liability against defendants Arnone and Erfe. Defendant Arnone is not referenced at all in the statement of facts.  The only reference to defendant Erfe is that, after speaking to the plaintiff, defendant Erfe investigated the matter and told the plaintiff that he would return to Radgowski.  The plaintiff's conclusory statements are insufficient to state plausible claims against defendants Arnone and Erfe.

As part of his relief, the plaintiff seeks removal of the disciplinary report from his record and restoration of the forfeited RREC.  This relief would be available from defendants Arnone and Erfe in their official capacities.  The Supreme Court has held that, if a determination favorable to the plaintiff in a section 1983 action "would necessarily imply the invalidity of his conviction or sentence," the plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid before he can recover damages under section 1983.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  This same rule applies to challenges to procedures used in prison disciplinary hearings where the inmate has forfeited good time credit as a disciplinary sanction.  See Edwards v. Balisok, 520

U.S. 641, 644 (1997).

Thus, before the plaintiff can seek damages in federal court on these claims he must first invalidate the disciplinary findings.  Although the plaintiff alleges that he was found not guilty of the criminal charges, he does not indicate that the prison disciplinary finding has been overturned.  Because any invalidation of the disciplinary findings would necessarily restore the fifteen days forfeited RREC, the plaintiff must do so by writ of habeas corpus.  See id. at 643-44.  This claim is dismissed.  The plaintiff must seek invalidation of the disciplinary finding and restoration of the RREC in a habeas corpus action filed in state court.

The plaintiff also asserts malicious prosecution claims against defendant Yother.  He states, however, that defendant Yother no longer is employed by the Department of Correction. Thus, the court cannot effect service on defendant Yother at the correctional facility.  The plaintiff is responsible for providing a service address for each defendant.  Accordingly, the plaintiff is directed to provide a current address for defendant Yother.  If no address is filed within thirty days from the date of this order, the complaint will be dismissed.

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)   All federal law claims against defendants Arnone and Erfe including the claim for restoration of RREC and expungement of the disciplinary finding are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)   The plaintiff is directed to file a notice containing defendant Yother's current address.  The notice shall be filed within **thirty (30)** days from the date of this order **or by April 22, 2013**.  Failure to file the order will result in the dismissal of this action without further notice from the court.

**SO ORDERED** this 20th day of March 2013, at New Haven, Connecticut.

/s/_____
Janet Bond Arterton
United States District Judge

7