```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


BENNIE GRAY,                       :
      Plaintiff,                   :
                                   :
      v.                           : CASE NO. 3:13-cv-39 (JBA)
                                   :
SCOTT ERFE, et al.,                :
      Defendants.                  :
```

RULING ON DEFENDANT'S MOTION TO DISMISS [Doc. #17]

The plaintiff, incarcerated and *pro se*, has filed this action under 42 U.S.C. § 1983 against defendants Warden Scott Erfe, Commissioner Leo Arnone and Correctional Officer Yother, to challenge disciplinary actions taken against him as a result of finding cocaine in his inmate property.  By Initial Review Order filed March 21, 2013, the Court dismissed all claims against defendants Erfe and Arnone and the claim for issuance of a prison disciplinary report.  Defendant Yother, the only remaining defendant, now moves to dismiss the remaining claims for malicious prosecution and violation of Eighth Amendment rights.  For the reasons that follow, defendant Yother's motion to dismiss is granted.

I.  Standard of Review

When considering a motion to dismiss filed pursuant to Rule 12(b)(6), Fed. R. Civ. P., the court accepts as true all factual

allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Flores v. Southern Peru Copper Corp.*, 343 F.3d 140, 143 (2d Cir. 2003). The court considers not whether the plaintiff ultimately will prevail, but whether he has stated a claim upon which relief may be granted so that he should be entitled to offer evidence to support his claim. *See York v. Association of Bar of City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002).

In reviewing the complaint in response to a motion to dismiss, the court applies "a 'plausibility standard,' which is guided by two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the requirement that the court accept as true the allegations in the complaint "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Even

under this standard, however, the court liberally construes a *pro se* complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Boykin v. KeyCorp*, 521 F.3d 202, 213-14, 216 (2d Cir. 2008).

II.     Facts

The incident underlying the complaint took place at the Corrigan-Radgowski Correctional Institution.  On May 9, 2012, defendant Yother stated that he found cocaine hidden in a sock in the plaintiff's property.  The plaintiff received prison disciplinary charges as well as outside state charges for possession of narcotics.  The state charges were dismissed on December 12, 2012.  Defendant Yother was discharged from state employment about this time.

III.    Discussion

Defendant Yother moves to dismiss the remaining claims in the amended complaint on the ground that the plaintiff fails to state a cognizable claim under section 1983.  Defendant Yother also urges the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law claim for malicious prosecution.

A.    Malicious Prosecution Claim

The plaintiff contends that he was maliciously prosecuted

in state court on charges of possession of narcotics.  To assert a constitutional claim for malicious prosecution under section 1983, the plaintiff must demonstrate conduct that is tortious under state law and injuries that resulted from the deprivation of liberty guaranteed by the Fourth Amendment.  *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995).  Within this circuit, the law is clear that "[a] plaintiff does not have a claim for false arrest or malicious prosecution under section 1983 if, at the time of his arrest and prosecution, he already is in custody on other charges, because there is no deprivation of liberty interests."  *Arnold v. Geary*, No. 09 Civ. 7299(GWG), 2013 WL 4269388, at *4 (S.D.N.Y. Aug. 16, 2013) (internal quotation marks and citation omitted) (citing cases); *see also Leniart v. Bundy*, 2011 WL 4452186, at *7 (D. Conn. Sept. 26, 2011).

At the time of his arrest and prosecution, the plaintiff was incarcerated on other charges.  He had been imprisoned since November 1997 and was serving a twenty-three year sentence for sale of hallucinogenic or narcotic substances.[1]  See http://www.ctinmateinfo.state.ct.us/detailssupv.asp?id_inmt_num=

---

[1] The court may take judicial notice of prison records.  *See Martinez v. New York State Dep't of Corrections*, No. 12 Civ. 1499(RWS), 2013 WL 5194054, at *2 n.1 (S.D.N.Y. Sept. 16, 2013).

4

259596 (last visited Apr. 8, 2015).  Thus, the plaintiff cannot establish the required deprivation of liberty.  The motion to dismiss is granted as to the section 1983 claim for malicious prosecution.

    B.    Eighth Amendment Claim

The Eighth Amendment proscribes "the unnecessary and wanton infliction of pain."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986)(internal quotation marks and citation omitted).  The proscription encompasses both "the treatment a prisoner receives in prison and the conditions of his confinement."  *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  To rise to the level of a constitutional injury, however, the alleged Eighth Amendment violation must be sufficiently serious.  The prisoner must not be denied the "minimal civilized measure of life's necessities" and his conditions must be more than "restrictive [or] even harsh."  *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994).  In addition, the prison official must have acted with a "sufficiently culpable state of mind"; negligence is not sufficient.  *Id.* at 834.

The only claim against defendant Yother other than malicious prosecution or false arrest is a false accusation claim based on defendant Yother's statement that he found cocaine in the plaintiff's property.  False accusations,

5

however, are not cognizable under the Eighth Amendment.  *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) ("[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report.").  An inmate's protection against false accusations lies in the procedural due process requirements afforded in disciplinary hearings or court proceedings.  *See Grillo v. Coughlin*, 31 F.3d 53, 56 (2d Cir. 1994) (fair hearing conforming to due process standards will cure constitutional violation otherwise resulting from false accusation).  The plaintiff was afforded a trial in state court and was found not guilty of the charges.  Thus, he was afforded due process.

The plaintiff includes no other allegations suggesting that he was denied any of life's necessities, such as food, clothing, shelter or safety, as a result of defendant Yother's actions.  The motion to dismiss is granted as to any Eighth Amendment claim.

    C.   <u>State Law Claims</u>

Defendant Yother asks the court to decline to take supplemental jurisdiction over the plaintiff's state law claim for malicious prosecution.

Supplemental jurisdiction is a matter of discretion.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-16 (1966).  If

the federal court has dismissed all federal claims, it should decline to exercise jurisdiction over the supplemental state law claims.  28 U.S.C. § 1367(c)(3); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).

As all federal claims have been dismissed, defendant Yother's request that the court decline to exercise supplemental jurisdiction over any state law claims is granted.

IV.     Conclusion

Defendant Yother's motion to dismiss [**Doc. # 17**] is **GRANTED**.  The Clerk is directed to enter judgment in favor of the defendants and close this case.

**It is so ordered.**

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut, this 5th day of June 2015.**